# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| EDWARD P. HAGEN, D.O.,<br><br>    Plaintiff,<br>vs.<br><br>SIOUXLAND OBSTETRICS & GYNECOLOGY, P.C., an IOWA CORPORATION, PAUL J. EASTMAN, M.D., TAUHNI T. HUNT, M.D., and ANGELA J. ALDRICH, M.D.,<br><br>    Defendants. | No. C 11-4047-MWB<br><br>**ORDER REGARDING MOTION FOR STAY PENDING APPEAL** |

_____

This case is before me on Defendants' motion for a stay pending appeal under Federal Rule of Civil Procedure 62, which Defendants filed on July 3, 2014 (docket no. 163). In their motion, Defendants request that I stay any proceedings to enforce the judgment against Defendants while the Defendants appeal the judgment to the Eighth Circuit Court of Appeals. On May 2, 2013, the Clerk entered judgment in favor of Plaintiff, and against Defendants, for $1,051,814 (docket no. 114). On May 30, 2014, the Clerk entered judgment awarding Plaintiff pre- and post-judgment interest (docket no. 158). On June 30, 2014, Defendants filed a notice of appeal, noting that they were appealing the judgment to the Eighth Circuit Court of Appeals (docket no. 160). On July 9, 2014, Plaintiff filed notice of a cross appeal (docket no. 164). Defendants request a stay of proceedings to enforce the judgment while the appeals are pending. Plaintiff consents to Defendants' motion. Thus, for the reasons discussed below, Defendants' motion is granted.

Defendants move for a stay under Rule 62(d), which provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

"A district court may, in its discretion, grant a stay without requiring the posting of a bond if the appellant provides an acceptable alternative means of securing the judgment." *F.D.I.C. v. Ann-High Associates*, No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); *Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757-58 (D.C. Cir. 1980); *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Trans World Airlines, Inc., v. Hughes*, 515 F.2d 173, 176 (2d Cir. 1975)). Here, in lieu of a supersedeas bond, Defendants have obtained an irrevocable standby letter of credit in favor of Plaintiff for $1,100,000, available through Security National Bank in Sioux City, Iowa. Defendants attached the letter of credit as Exhibit A to their motion. It has been approved by Plaintiff's counsel.

**THEREFORE,**

(1) Defendants' motion for a stay pending appeal (docket no. 163) is granted. Any action to enforce or collect upon the judgment in favor of Plaintiff is hereby stayed pending the Eighth Circuit Court of Appeals's decision in this case.

(2) Within three business days of the date of this order, Defendants shall deposit the original version of the letter of credit (docket no. 163-1) with the Clerk of Court. The Clerk shall hold the letter of credit deposited by Defendants until further order of this court.

(3) After the Eighth Circuit Court of Appeals issues its opinion in this case, and if the judgment in favor of Plaintiff survives appeal, any party may seek to lift this stay by filing a motion in this court.

**IT IS SO ORDERED**.

**DATED** this 15th day of July, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA